UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNY ROSE PEREZ,

    Plaintiff,

v.

CASE NO.

STEPPING STONE KIDS THERAPY, LLC.

    Defendant.

_____/

## COMPLAINT

Plaintiff, JENNY PEREZ, ("Plaintiff") a resident of Naples, Florida, sues the Defendant, STEPPING STONE KIDS THERAPY, LLC. ("Defendant"), and as grounds therefor alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover damages pursuant to Title VII of the Civil Rights Act of 1964, specifically the Pregnancy Discrimination Amendment thereto, (42 U.S.C. §2000(e)(k)), and the Florida Civil Rights Act of 1992, (Florida Statutes Chapter 760 *et seq.*).

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343 (3), 1367(a) and 42 U.S.C. Sections 2000e-(k) and 1988 and Florida Statute Chapter 760 *et. seq.* This Court has supplemental jurisdiction over the Florida statutory claims pursuant to 28 U.S.C. Section 1367 and original jurisdiction under 28 U.S.C. Section 1343(3).

3. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. Section 1391(b) because all of the actions upon which this case is based were committed in the Middle District of Florida.

4. Plaintiff, at all material times, was a lawful resident of Naples, Florida, and over the

age of 18..

5.  Defendant STEPPING STONE KIDS THERAPY, LLC. is a foreign corporation having a place of business in Naples, Florida, and is engaged in an industry affecting commerce. It employs more than two hundred employees.

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

6.  Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission, which was assigned Charge Number 150 2024-03248.

7.  After completing its investigation, the Equal Employment Opportunity Commission issued its Right to Sue on August 4, 2025, which is attached as Exhibit "A". Thus, Plaintiff complied with all conditions precedent to maintaining this action as required by Federal and Florida law.

## STATEMENT OF CLAIM

8.  Plaintiff started working for Defendant on April 4, 2023. After about a month of working in the office, she started working remotely. She advised of her pregnancy and provided a doctor's notes for when she needed to visit her doctor. Plaintiff was out of work on leave for a period and then cleared to return to work in the office on October 16, 2023.

9.  Plaintiff's last day of work was October 23, 2023. Plaintiff was at work, having returned from leave a week earlier after being out for a period as a result of the birth of her child. On that date, Plaintiff's newborn son got very sick and had a high fever of 103. As a result, Plaintiff went to her manager Jenny Phillips and told her of this and that she had reached out to the doctors office to see if she needed to bring the newborn in. When Plaintiff advised Ms. Phillips of this, she

just looked and said "ok let me know if the doctor calls and if you have to leave you need a doctor note to return to work."

10. Ms. Phillips then explained to Plaintiff that her job was a full-time position and due to the fact that Plaintiff recently had a baby and was a first time mother and would have a lot of appointments, that she wasn't "sure if this position was suitable" for Plaintiff as they "needed someone who would be committed to the company." Plaintiff was taken back by this comment, but did not say anything in response.

11. Shortly thereafter, the doctor's office called and indicated that given the fact that the newborn was not even six weeks old, they wanted Plaintiff to bring him in as soon as possible. Upon receiving this message, Plaintiff went to tell Ms. Phillips, who became angry and upset and took and deep breath in frustration and sighed and said Plaintiff needed a note to return and should consider. Along the lines of what she said before, Ms. Phillips added that Plaintiff should consider getting a remote job and that it would be in Plaintiff's best interest. Plaintiff was then terminated with the admonition that her position was no longer available and that her "pregnancy related issues and medical issues" with her new born child meant that she "was not a good fit for the job."

12. Plaintiff was a hard-working, reliable and cooperative employee for the period of her employment with Defendant. She was never issued any reprimands until the one received shortly before her termination.

13. Plaintiff's work performance, at all times relevant, was consistent with or exceeded her employer's legitimate expectations.

14. Plaintiff was wrongfully terminated because of her gender and/or because of her pregnancy, which was done in a manner entitling Plaintiff to compensatory and punitive damages.

15. Plaintiff's gender and/or pregnancy were a motivating factor in Plaintiff's termination, and but for those things, Defendant would not have terminated her.

16. Plaintiff was humiliated, embarrassed and shamed that she would be terminated from her employment for such a reason and she has suffered a great deal of mental anguish since and as a result of her termination.

17. Plaintiff lost her only source of employment as a result of her termination and has been unable to find new work given her pregnancy. She has also lost all of her benefits that she received or would have received through her employment.

18. As a result of the acts and omissions of Defendant, Plaintiff's rights under 42 U.S.C. Section 2000(e)(k), the Florida Civil Rights Act, Fla.Stat. Ch. 760, and Florida law were violated and she suffered the following injuries:

    a. Pain and suffering;

    b. Medical expense in the past and in the future;

    c. Mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience and emotional distress;

    d. Loss of capacity for the enjoyment of life;

    e. Deprivation of life, liberty and property;

    f. Legal fees and expense;

    g. Loss of earnings in the past and future;

    h. Loss of earning capacity;

    i. Injury to reputation;

*Perez v. Stepping Stone Kids Therapy, Llc*
*Page No. 5*

*Perez v. Stepping Stone Kids Therapy, Llc*
*Page No. 5*

j.  Loss of the rights described herein;

k.  Back pay;

l.  Value of or the reinstatement of all benefits that she would have enjoyed but for the discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits and vacation benefits;

m.  Incidental expenses;

n.  Front pay and benefits until Plaintiff attains the age of 70 and/or a reasonable time;

o.  Punitive Damages and/or Liquidated damages; and

p.  Any other relief this Court deems just and equitable.

Said damages are continuing in nature and Plaintiff will continue to suffer in the future.

19. Trial by jury demanded for all issues so triable if right by jury.

## COUNT I
### Claims for Violation of 42 U.S.C. Section 2000e (k)2

20. Plaintiff adopts and alleges the jurisdictional and general allegations of paragraphs 1 through 19.

21. This is an action to recover damages and injunctive relief brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-(k).

22. The actions taken by Defendant are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000e-(k).

23. Plaintiff belongs to a protected class within the meaning of 42 U.S.C. Section 2000e-a(a)(1) and (k) because she is female and pregnant.

24. As set forth above, Plaintiff was terminated because of her gender and/or pregnancy.

25. The termination Plaintiff endured was because of her gender and pregnancy because no men or non-pregnant women were treated in this manner.

26. Defendant is liable because, as set forth above, their supervisory personnel were responsible for the actions and those actions resulted in an ultimate employment action, which was done in a manner entitling Plaintiff to compensatory and punitive damages.

27. As a direct and proximate result of the actions or omissions of Defendant Plaintiff has sustained those damages set forth above, all of which she is entitled to recover by law.

28. As a result of the deprivations of rights at the hands of Defendant, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which she is entitled to recover pursuant to 42 U.S.C. Section 2000 and otherwise by law.

WHEREFORE, Plaintiff, JENNY PEREZ demands judgment against the Defendant, STEPPING STONE KIDS THERAPY, LLC. for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to 42 U.S.C. Section 2000, and further demands judgment for punitive damages because the conduct rose to the level for punitive damages and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

## COUNT II

**Violation of Florida Civil Rights Act, Fla.Stat.Ch. 760**

29. Plaintiff adopts and realleges the jurisdictional and general allegations of paragraphs 1 through 19.

30. This is an action for damages and injunctive relief brought pursuant to the Florida Civil Rights Act. Fla.Stat.Ch. 760.

31. The conduct of the Defendants to the Plaintiff in relation to the conduct described above was in violation of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760.

32. Plaintiff belongs to a protected class within the meaning of the Florida Civil Rights Act, Fla.Stat.Ch. 760, because she is a female and/or pregnant.

33. As set forth above, Plaintiff was terminated because of her gender and/or pregnancy.

34. Defendant is liable because, as set forth above, its management personnel were responsible for the actions complained of.

35. As a direct and proximate result of the actions or omissions of Defendant, Plaintiff has sustained those damages set forth above, all of which she is entitled to recover under the terms of the Florida Civil Rights Act of 1992 as established at Florida Statutes Chapter 760, *et.seq.*

36. As a result of the deprivations of rights at the hands of Defendant, Plaintiff has been forced to hire an attorney and pay him a reasonable fee, which she is entitled to recover pursuant to the Florida Civil Rights Act, Fla.Stat.Ch. 760.

WHEREFORE, Plaintiff, JENNY PEREZ, demands judgment against the Defendant, STEPPING STONE KIDS THERAPY, LLC.for damages as set forth above, plus injunctive relief, back pay, front pay, the costs of this action, attorney's fees pursuant to , Fla.Stat.Ch. 760 and further demands judgment for punitive damages because the conduct rose to the level for punitive damages and such other relief as this Court deems just and equitable and further demands trial by jury for all issues so triable of right by jury.

*Perez v. Stepping Stone Kids Therapy, Llc*
*Page No. 8*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all counts so triable.

                              **FEILER, LEACH & CHONG**
                              Attorney for Plaintiff
                              The American Airlines Building
                              901 Ponce de Leon Blvd.
                              Suite 300
                              Coral Gables, Florida 33134
                              Tel. (305) 441-8818
                              Fax (305) 441-8081
                              Mel@flmlegal.com
                              Service@flmlegal.com

                    BY  */s/ Martin E. Leach*
                              **Martin E. Leach**
                              Fla. Bar No. 0037990

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Miami District Office
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/04/2025

**To:** Jenny Perez
2662 Fountainview Lane
Naples, FL 34109
Charge No: 510-2024-03248

EEOC Representative and email:    SERGIO MALDONADO
INVESTIGATOR
SERGIO.MALDONADO@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2024-03248

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
08/04/2025
Evangeline Hawthorne
Director



**Cc:**
Suzanne Boy
Boy Agnew Potanovic Miller
23 BARKLEY CIR
Fort Myers, FL 33907

Ashley Regan
708 Goodlette Frank Road
Naples, FL 34102

Martin Leach
Feiler & Leach, P.L.
901 Ponce De Leon Blvd. Suite 300
Coral Gables, FL 33134


Please retain this Notice for your records.